William H. Brownstein, SBN 84507
WILLIAM H. BROWNSTEIN & ASSOCIATES, P.C.
1250 SIXTH STREET
SUITE 205
SANTA MONICA, CA 90401-1637
TELEPHONE: (310) 458-0048
TELECOPIER: (310) 576-3581
Email:WBR0WNS476@AOL.COM

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>METRO RV INC., a California corporation,<br><br><br><br><br>Debtor. | Case No. 2:08-bk-31001 EC<br><br>Chapter 11<br><br>DATE: November 18, 2009<br>TIME: 1:30 p.m.<br>LOCATION: Courtroom "1639"<br>FLOOR: 16th |

**RESPONSE TO ORDER TO SHOW CAUSE RE CONVERSION TO CHAPTER 7**

TO THE HONORABLE ELLEN CARROLL, BANKRUPTCY JUDGE:

Metro RV Inc., the above-captioned Debtor and Debtor in Possession, in response to the Order to Show Cause dated November 5, 2009, makes the following representations, allegations and assertions:

1.    The Debtor is the Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 4, 2008.

2.    At the time of the filing the Debtor was plagued with numerous claims and actions with regard its then three operating locations.

3.    The Debtor was also required to file motions for authority to use cash collateral and to negotiate with its secured creditors and file with this Court various motions, including emergency motions for the authority to use cash collateral.

---

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

1

4.     The Debtor has been in compliance with the U.S. Trustee requirements and the requirements of the cash collateral orders and stipulations since filing this case and it has made substantial progress toward its reorganization since filing this case.

5.     On February 11, 2009, the Debtor filed its Status report Case Status Conference Report for Debtor Pursuant to Order Setting Scheduling and Case Management Conference

6.     At the Status Conference which took place on February 25, 2009, the Court made a scheduling order which set as the last date for the debtor to file a disclosure statement and plan in this case is August 3, 2009. That Order was signed on 3/10/2009.

7.     On August 3, 2009, the Debtor filed its Application To Extend Time to File Disclosure Statement and Plan of Reorganization for 60-Days Filed by Debtor Metro RV Inc. (the "Extension Application.")

8.     On August 20, 2009, the Honorable Ellen Carroll, Bankruptcy Judge issued its Order to Appear and Show Cause why this chapter 11 case should not be dismissed or converted to chapter 7 because the debtor has failed to file a plan and disclosure statement by the August 3, 2009 deadline, the hearing on which was scheduled to take place on September 16, 2009 at 1:30 p.m.

9.     On September 15, 2009, the Debtor filed its Declaration re: Response to Order to Show Cause Why Case Should Not Be Dismissed or Converted.

10.     Pursuant to the Order Entered October 2, 2009 the Court Granted the application for an extension of time for filing disclosure statement and plan of reorganization until the close of business on October 2, 2009 and taking order to show cause off the court's calendar.

11.     The Disclosure Statement, Chapter 11 Plan of Reorganization was filed by Debtor Metro RV Inc. on October 3, 2009 at 12:18 a.m., P.S.T., which was 18 minutes after the October 2, 2009-deadline, and served on parties in interest.

12.     Thereafter, on October 6, 2009 the Amended Disclosure Statement and Plan were filed with the Bankruptcy Court and served on parties in interest.

13.     The Debtor was delayed in completing the final phases of the Disclosure Statement and Plan of Reorganization due to the fact that it was having difficulty in providing

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

the financial documents in a format that was able to be replicated by its counsel and included with those documents as exhibits. The documents that were being prepared were so small that they could not be read and they were therefore not legible. That problem was corrected late on October 2, 2009, at which time Debtor's counsel completed the Disclosure Statement and Plan and prepared them for filing with the Bankruptcy Court.

14. Additional delays and difficulties were experienced because Debtor's counsel was initially unable to upload the final version of the Disclosure Statement and Plan into the Court's automated filing system at first and only after about 45 minutes of trying, which delayed the filing from October 2, 2009 until 18 minutes after midnight October 3, 2009, was it finally uploaded and filed with the Court.

15. Prior to the time of filing the Debtor's counsel had tried, unsuccessfully, to get a hearing date and time for the hearing on the adequacy of the Disclosure Statement and Plan, thereafter learning that the Honorable Ellen Carroll, Bankruptcy Judge does not have the matters set for self calendering. Thus, the document was filed without a hearing date and time.

16. It is submitted that the filing of the document 18 minutes late, which occurred on Saturday morning at 12:18 a.m. PST rather than no later than 11:59:59 on Friday, October 2, 2009 is a regrettable error for which the Debtor and its counsel plead that this Honorable Court excuse. The document filed was intended to be full and complete and adequate to obtain the Court's approval in accordance with 11 U.S.C. §1125(b). Unfortunately, due to circumstances relating to electronic uploading and computer defects, the document was filed 18 minutes late, for which the Debtor and its counsel pray this Court's indulgence.

17. It is also noted that in accordance with applicable procedures and rules the Debtor delivered a courtesy copy of the Disclosure Statement and Plan to this Court on Monday, October 5, 2009. Had the document been filed on October 2, 2009 rather than October 3, 2009 at 12:18 a.m., the Court would not have received its copy any sooner than it did.

18. It is further noted that parties in interest were served with the Disclosure Statement and Plan on October 3, 2009 immediately after the filing with this Court via Email, and as such the delay in filing by 18 minutes did not delay their receipt of the document by more

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

1 than a few minutes.

2     19.    Additionally, Debtor's counsel attempted to get a hearing date and time so that he could notice the nearing on the Disclosure Statement and Plan on October 5, 2009, and he was told that the Judge would have to be contacted because she was not at the courthouse and that the Clerk would get back to counsel. At that time counsel expressed his apologies to the clerk and informed her that the documents were filed 18 minutes late.

    20.    The Debtor is in a position to proceed with its reorganization. Converting this case will only deprive creditors of the benefits associated with a confirmed Chapter 11 case. The Debtor has been making substantial strides in its case, it has made substantial payments on its secured debt and its primary secured creditor, Bank of America, N.A., has entered into cash collateral stipulations to allow the Debtor to continue its operations. Furthermore, the Debtor's plan will pay unsecured creditors and cure outstanding taxes. If converted to Chapter 7 it is unlikely that a Trustee will be able to do anything and the secured creditor will undoubtedly seek relief from stay, take back its collateral and the creditors and the estate will suffer.

    21.    It is pleaded that this Honorable Court takes the Order to Show Cause off calendar, that it accepts the apologies of the Debtor and its counsel for the late filing, and that if it seeks to impose a punishment for the late filing that it does so in a manner less stringent than converting this case to one under Chapter 7.

It is therefore respectfully prayed that this Honorable Court withdraws the OSC and that it sets a hearing on the Disclosure Statement and that it grants such other and further relief as it deems just and proper.

DATED: November 13, 2009                      Respectfully submitted,

                                                  William H. Brownstein & Associates,
                                                    Professional Corporation

By: *William H Brownstein* (signature)

                                                       William H. Brownstein, Attorneys
                                                       for Debtor

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

# DECLARATION OF ROBERTO ALMUINA

1.    I am the president and 50% shareholder above-captioned Debtor. I make the following declaration based on my own personal knowledge, information and belief:

2.    Metro RV Inc. is the Debtor and Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 4, 2008 and for all times thereafter the Debtor has remained in possession pursuant to 11 U.S.C. §§1107(b) and 1108.

3.    At the time of the filing the Debtor was plagued with numerous claims and actions with regard its then three operating locations.

4.    The Debtor was also required to file motions for authority to use cash collateral and to negotiate with its secured creditors and file with this Court various motions, including emergency motions for the authority to use cash collateral.

5.    The Debtor has been in compliance with the U.S. Trustee requirements and the requirements of the cash collateral orders and stipulations since filing this case and it has made substantial progress toward the reorganization.

6.    Unfortunately, for the reasons stated in the motion to extend the deadline for filing a disclosure statement and plan of reorganization, which motion is set to be heard contemporaneously with this OSC, the Debtor was unable to complete and file a credible Disclosure Statement and Plan of Reorganization by the August 3, 2009-deadline which was set at the time of the status conference which took place on February 25, 2009, less than four months after the commencement of this case.

7.    The issues regarding the leased facilities, which were initially three and which now consist of one, the cash collateral, for which the outstanding obligations have been reduced substantially due to sales and return of vehicles to the secured creditor, and the operating results confirm that a credible, feasible and confirmable plan will be in prospect.

8.    At the time of the February 25, 2009, status conference the Debtor was ordered to file its Disclosure Statement and Plan by August 3, 2009. It timely filed its motion for an extension of that deadline on August 3, 2009 although it did not file its Disclosure Statement and

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

1 Plan.

2     9.    On August 3, 2009, the Debtor filed its Application To Extend Time to File Disclosure Statement and Plan of Reorganization for 60-Days Filed by Debtor Metro RV Inc. (the "Extension Application.")

    10.    On August 20, 2009, the Honorable Ellen Carroll, Bankruptcy Judge issued its Order to Appear and Show Cause why this chapter 11 case should not be dismissed or converted to chapter 7 because the debtor has failed to file a plan and disclosure statement by the August 3, 2009 deadline, the hearing on which was scheduled to take place on September 16, 2009 at 1:30 p.m.

    11.    On September 15, 2009, the Debtor filed its Declaration re: Response to Order to Show Cause Why Case Should Not Be Dismissed or Converted.

    12.    Pursuant to the Order Entered October 2, 2009 the Court Granted the application for an extension of time for filing disclosure statement and plan of reorganization until the close of business on October 2, 2009 and taking order to show cause off the court's calendar.

    13.    The Disclosure Statement, Chapter 11 Plan of Reorganization was filed by Debtor Metro RV Inc. on October 3, 2009 at 12:18 a.m., P.S.T., which was 18 minutes after the October 2, 2009-deadline, and served on parties in interest.

    14.    Thereafter, on October 6, 2009 the Amended Disclosure Statement and Plan were filed with the Bankruptcy Court and served on parties in interest.

    15.    Along with our in house accountant, the Debtor had been working on preparing the financial projections and historical documents and working with Debtor's counsel for the purpose of preparing the Disclosure Statement and Plan since September 2009.

    16.    The Debtor was delayed in completing the final phases of the Disclosure Statement and Plan of Reorganization due to the fact that it was having difficulty in providing the financial documents in a format that was able to be replicated by its counsel and included with those documents as exhibits. The documents that were being prepared were so small that they could not be read and they were therefore not legible.

    17.    I had thought that the problem would be corrected earlier, but it was not until late

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

on October 2, 2009, that they were completed which was about 11:30 p.m. PST, after which time Debtor's counsel completed the Disclosure Statement and Plan and prepared them for filing with the Bankruptcy Court.

18. It is my understanding that additional delays and difficulties were experienced because Debtor's counsel was initially unable to upload the final version of the Disclosure Statement and Plan into the Court's automated filing system at first and only after about 45 minutes of trying, which delayed the filing from October 2, 2009 until 18 minutes after midnight October 3, 2009, was it finally uploaded and filed with the Court.

19. It is submitted that the filing of the document 18 minutes late, which occurred on Saturday morning at 12:18 a.m. PST rather than no later than 11:59:59 p.m., PST, on Friday, October 2, 2009 is a regrettable error for which I plead that this Honorable Court excuse. The document filed was intended to be full and complete and adequate to obtain the Court's approval in accordance with 11 U.S.C. §1125(b). Unfortunately, due to circumstances relating to electronic uploading and computer defects, the document was filed 18 minutes late, for which the Debtor and its counsel pray this Court's indulgence.

20. The Debtor is in a position to proceed with its reorganization. In my opinion converting this case at this late stage will only deprive the Debtor, its creditors and the estate with the benefits associated with a confirmed Chapter 11 case. The Debtor will have to fire several employees if this case is converted and absolutely no benefit will be derived from such a harsh result.

21. The Debtor has been making substantial strides in its case, it has made substantial payments on its secured debt and its primary secured creditor, Bank of America, N.A., has entered into cash collateral stipulations to allow the Debtor to continue its operations. Furthermore, the Debtor's plan will pay unsecured creditors and cure outstanding taxes. If converted to Chapter 7 it is unlikely that a Trustee will be able to do anything and the secured creditor will undoubtedly seek relief from stay, take back its collateral and the creditors and the estate will suffer.

22. I pray that this Honorable Court takes the Order to Show Cause off calendar, that

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

it accepts the apologies of the Debtor and its counsel for the late filing, and that if it seeks to impose a punishment for the late filing that it does so in a manner less stringent than converting this case to one under Chapter 7.

I declare that the foregoing statements are true and correct under the laws of the United States of America penalty of perjury and if called upon to testify thereon as a witness I would be competent to so testify.

Executed this 13th day of November 2009, in Burbank, California

_____
Roberto Almuina

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

## DECLARATION OF WILLIAM H. BROWNSTEIN

I, William H. Brownstein, do hereby declare and state as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California and before this Court. I am the president and sole shareholder of William H. Brownstein & Associates, Professional Corporation (the "Firm"), which Firm has been employed as counsel for the Debtor and Debtor in Possession pursuant to the Order of the Honorable Ellen Carroll, Bankruptcy Judge. I am a Certified Specialist in Bankruptcy Law by the State Bar of California. I make the following declaration based on my own personal knowledge, information and belief.

2. Debtor is the Debtor in Possession in the above-captioned case having filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 4, 2008.

3. At the time of the filing the Debtor was plagued with numerous claims and actions with regard its then three operating locations.

4. The Debtor was also required to file motions for authority to use cash collateral and to negotiate with its secured creditors and file with this Court various motions, including emergency motions for the authority to use cash collateral.

5. The Debtor has been in compliance with the U.S. Trustee requirements and the requirements of the cash collateral orders and stipulations since filing this case and it has made substantial progress toward its reorganization since filing this case.

6. On February 11, 2009, the Debtor filed its Status report Case Status Conference Report for Debtor Pursuant to Order Setting Scheduling and Case Management Conference

7. At the Status Conference which took place on February 25, 2009, the Court made a scheduling order which set as the last date for the debtor to file a disclosure statement and plan in this case is August 3, 2009. That Order was signed on 3/10/2009.

8. On August 3, 2009, the Debtor filed its Application to Extend Time to File Disclosure Statement and Plan of Reorganization for 60-Days Filed by Debtor Metro RV Inc. (the "Extension Application.")

9. On August 20, 2009, the Honorable Ellen Carroll, Bankruptcy Judge issued the

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

Order to Appear and Show Cause why this chapter 11 case should not be dismissed or converted to chapter 7 because the debtor has failed to file a plan and disclosure statement by the August 3, 2009 deadline, the hearing on which was scheduled to take place on September 16, 2009 at 1:30 p.m.

10. On September 15, 2009, the Debtor filed its Declaration re: Response to Order to Show Cause Why Case Should Not Be Dismissed or Converted.

11. Pursuant to the Order rendered on September 16, 2009 and entered October 2, 2009, the Court Granted the application for an extension of time for filing disclosure statement and plan of reorganization until the close of business on October 2, 2009 and taking order to show cause off the court's calendar.

12. The Disclosure Statement, Chapter 11 Plan of Reorganization was filed by Debtor Metro RV Inc. on October 3, 2009 at 12:18 a.m., P.S.T., which was 18 minutes after the October 2, 2009-deadline, and served on parties in interest. Incorporated herein by this reference as Exhibit "1" is a true and correct copy of the confirmation of the filing.

13. Thereafter, on October 6, 2009 the Amended Disclosure Statement and Plan were filed with the Bankruptcy Court and served on parties in interest.

14. It is my understanding, which is based on the Declaration of Roberto Almuina, that the Debtor was delayed in completing the final phases of the Disclosure Statement and Plan of Reorganization due to the fact that it was having difficulty in providing the financial documents in a format that was able to be replicated by its counsel and included with those documents as exhibits. The documents that were being prepared were so small that they could not be read and they were therefore not legible. That problem was corrected late on October 2, 2009, at which time Debtor's counsel completed the Disclosure Statement and Plan and prepared them for filing with the Bankruptcy Court.

15. Additional delays and difficulties were experienced because I was initially unable to upload the final version of the Disclosure Statement and Plan into the Court's automated filing system at first and only after about 45 minutes of trying, which delayed the filing from October 2, 2009 until 18 minutes after midnight October 3, 2009, was it finally

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

10

1 uploaded and filed with the Court. Had the system worked properly, the documents would have
2 been filed at 11:30 p.m. P.S.T. on October 2, 2009 instead of 12:18 a.m. P.S.T. on October 3,
3 2009.

4     16.    On October 2, 2009, I tried to get a hearing date and time for the hearing on the
5 adequacy of the Disclosure Statement and Plan. I relied on my belief that the Court's self
6 calendaring system allowed for such action. I learned, however, that in order to get a hearing
7 date on a Disclosure Statement and Plan that it had to be obtained from the Court's clerk, and the
8 Court's clerk only gave out dates and times after conferring with the Judge.

9     17.    I admit that the filing was 18 minutes late, which occurred on Saturday morning
10 at 12:18 a.m. PST rather than no later than 11:59:59 on Friday, October 2, 2009 and I apologize
11 for the delay. I plead that this Honorable Court excuses the delay. It was certainly not due to any
12 deliberate action on my part to disregard the sanctity of this Court's order. Nor was it the result
13 of my lack of trying, as I had been working on the Disclosure Statement and Plan since July and
14 I had worked very hard to get it completed and to file a document in final form the last two
15 weeks of September 2009.

16    18.    I note that in accordance with applicable procedures and rules, on behalf of the
17 Debtor, I had a courtesy copy of the Disclosure Statement and Plan to this Court on Monday,
18 October 5, 2009. Had the document been filed on October 2, 2009 rather than October 3, 2009 at
19 12:18 a.m., the Court would not have received its copy any sooner than it did.

20    19.    It is further noted that parties in interest were served with the Disclosure
21 Statement and Plan on October 3, 2009 immediately after the filing with this Court via Email,
22 and as such the delay in filing by 18 minutes did not delay their receipt of the document by more
23 than a few minutes.

24    20.    The Debtor is in a position to proceed with its reorganization. In my opinion,
25 converting this case will only deprive creditors of the benefits associated with a confirmed
26 Chapter 11 case. In my further opinion the Debtor has been making substantial strides in its case,
27 it has made substantial payments on its secured debt and its primary secured creditor, Bank of
28 America, N.A., has entered into cash collateral stipulations to allow the Debtor to continue its

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

operations. Furthermore, the Debtor's plan will pay unsecured creditors and cure outstanding taxes. If converted to Chapter 7 it is unlikely that a Trustee will be able to do anything and the secured creditor will undoubtedly seek relief from stay, take back its collateral and the creditors and the estate will suffer.

21.  I plead that this Honorable Court takes the Order to Show Cause off calendar, that it accepts the apologies of the Debtor and its counsel for the late filing, and that if it seeks to impose a punishment for the late filing that it does so in a manner less stringent than converting this case to one under Chapter 7.

I declare that the foregoing is true and correct to the best of my knowledge, information and belief under the penalty of perjury and if called upon to testify thereon as a witness I would be competent to so testify.

Executed this 13th day of November 2009 in Rumson, New Jersey.

_William H. Brownstein_
William H. Brownstein

**RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED TO A CASE UNDER CHAPTER 7**

## File a Plan:

[2:08-bk-31001-EC Metro RV Inc.](#)

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 2 (Los Angeles) |
| Assets: y | Judge: EC | Case Flag: PlnDue, DsclsDue, Incomplete |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from William H Brownstein entered on 10/3/2009 at 0:18 AM PDT and filed on 10/3/2009
**Case Name:**    Metro RV Inc.
**Case Number:**    [2:08-bk-31001-EC](#)
**Document Number:** [114](#)

**Docket Text:**
Disclosure Statement , Chapter 11 Plan of Reorganization Filed by Debtor Metro RV Inc.. (Brownstein, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\MyFiles\MetroRV\DisclosureStatement\10022009DisclosureStatement1159pm.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/3/2009] [FileNumber=28702258-0] [443606f8a361244693acf6548b8b516020ade490c8f369536390c87abf4d3ec783 608fdf06c904d31e20778bf2d3963c67051a58189931ad140c1298a162a44c]]

**2:08-bk-31001-EC Notice will be electronically mailed to:**

William H Brownstein on behalf of Debtor Metro RV Inc.
Brownsteinlaw.bill@gmail.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Kurt V Jaenike on behalf of Creditor Textron Financial
kjaenike@ch-law.com

Mark Palley on behalf of Creditor Kaiser Foundation Health Plan, Inc.
mp@marionsinn.com

EXHIBIT "1"

13

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:08-bk-31001-EC Notice will not be electronically mailed to:**

Amy M Oakden on behalf of Creditor Tony and Nancy Unger
23205 Sunnymead Blvd Ste 100
Moreno Valley, CA 92552-7599

| In re:<br>METRO RV INC., a California corporation<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:09-bk-31001 EC |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1250 Sixth Street, Suite 205, Santa Monica, CA 90401-1637

A true and correct copy of the foregoing document described RESPONSE TO ORDER TO SHOW CAUSE RE CONVERSION TO CHAPTER 7 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 13, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA) russell.clementson@usdoj.gov
Kurt V Jaenike on behalf of Creditor Textron Financial kjaenike@ch-law.com
Mark Palley on behalf of Creditor Kaiser Foundation Health Plan, Inc.mp@marionsinn.com
Ramesh Singh on behalf of Interested Party Courtesy NEF claims@recoverycorp.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov     ☐   Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On November 13, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Amy M Oakden on behalf of Creditor Tony and Nancy Unger, 23205 Sunnymead Blvd Ste 100
Moreno Valley, CA 92552-7599

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 13, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Paul Arrow PARROW@buchalter.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 13, 2009 | Tasha Perez | *Tasha Perez* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |